UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-21378

ANTHONY M. WILSON,

    Plaintiff,

vs.

COASTLINE MANAGEMENT GROUP, INC.,

    Defendant.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGES

Plaintiff, Anthony M. Wilson, sues Defendant, Coastline Management Group, Inc., for unpaid/underpaid overtime wages as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Anthony M. Wilson**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendant who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendant. Mr. Wilson consents to participate in this lawsuit. [ECF No. 1-1.]

2.    **Defendant, Coastline Management Group, Inc.**, is a Florida for-profit corporation that conducted its for-profit business in Miami-Dade County, Florida, and it is *sui juris*. It maintained it principal place of business in this District, managed buildings in this District, and was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

1

3. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains property within this District, maintains a place of business in this District, because Defendant employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

### *Background Facts*

5. Defendant has at all times material engaged in interstate commerce in the course of its sales, marketing, development, renovation, and reconstruction of real estate which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

6. Furthermore, Defendant engages in interstate commerce in the course of its submission of payments for goods and receipt of payment from out-of-state payors. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7. In particular, Defendant owns and operates a real estate development company that provides property management services as well as redeveloping and/or converting retail shopping centers, office buildings, apartment complexes, and condominiums throughout the United States using machines, computers, telephones, phone systems, computers, computer networking equipment, computer software, heavy equipment, vehicles, and other materials and supplies to engage in interstate commerce.

2

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

8.  Defendant also advertises/markets its services on the Internet at www.thecoastlinegroup.com, which domain they registered through Domain.com, LLC, a foreign corporation.

9.  Plaintiff worked for Defendant from approximately May 28, 2015 to February 2016. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

10. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his performing maintenance and janitorial services while using roofing supplies, tar paper, paint, cleaning supplies, and other goods, materials, and supplies that moved through interstate commerce.

11. Defendant paid Plaintiff at the rate of $650 per week and provided him an place to live.

12. Besides regularly working 5 and one-half days per week, usually from Monday to Friday from 8:00 a.m. to 5:00 p.m, and another 4 scheduled hours of work on Saturdays, Plaintiff also was required to be "on call" to handle issues reported by the residents, which translated into his working an additional 5 to 12 hours per week after hours.

13. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

14. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

15. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

16. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the relevant time period.

17. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant was not required to pay overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

18. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Anthony M. Wilson, demands the entry of a judgment in his favor and against Defendant, Coastline Management Group, Inc., after trial by jury and as follows:

   a. That Plaintiff recover compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest if the Court does not award liquidated damages,

   c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

   f. Such other and further relief as the Court deems just and proper.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 18th day of April, 2016.

                Respectfully Submitted,

                FAIRLAW FIRM
                *Counsel for Plaintiff*
                8603 S. Dixie Highway
                Suite 408
                Miami, FL 33143
                Tel:    305.230.4884
                Fax:   305.230.4844

                s/*Brian H. Pollock, Esq.*
                Brian H. Pollock, Esq.
                Fla. Bar No. 174742
                brian@fairlawattorney.com

5

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com